An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1264

Filed: 21 July 2015

Pitt County, No. 08-CVD-3727

FRANCIS JOHN CARL WELCH, Plaintiff,

v.

PEYTEN GWEN WILLEY, Defendant.

Appeal by Defendant from order entered 3 July 2013 by Judge P. Gwynett Hilburn in Pitt County District Court. Heard in the Court of Appeals 23 April 2015.

*No brief for the Plaintiff-Appellee.*

*Teresa DeLoatch Bryant, for the Defendant-Appellant.*

DILLON, Judge.

Peyten Gwen Willey ("Mother") appeals from the trial court's order granting a motion to dismiss in favor of Francis John Carl Welch ("Father"). For the following reasons, we reverse.

## I. Background

Mother and Father are the biological parents of a minor child. Father sought and obtained temporary custody of the child in 2008 based on Mother's struggles with addiction and associated risks of harm to the child. In 2009, Father was awarded primary physical custody, and Mother was granted supervised visitation.

In 2013, Mother moved to modify the 2009 custody order, seeking greater visitation based on changed circumstances. She alleged in her motion facts which tended to show how she had changed for the better and that increased visitation with her would be in the best interest of the child.

In 2014, Mother's motion came on for hearing in the district court. Father orally moved to dismiss Mother's motion for failure to allege specifically that the changed circumstances alleged in her motion affected the child in a positive way. The court granted the Father's oral motion, entering an order dismissing Mother's motion without prejudice. Defendant entered written notice of appeal.

## II. Analysis

Mother argues that the trial court erred in granting Father's motion to dismiss her motion seeking greater visitation. Specifically, Mother contends that the apparent basis for the court's ruling – that she did not allege a causal connection between the change of circumstances asserted and the welfare of her child – is not an allegation that must be pleaded in a motion to modify custody. We agree.

N.C. Gen. Stat. § 50-13.7(a) states that an order for custody may be modified "upon motion in the cause and a showing of changed circumstances by either party or any interested." N.C. Gen. Stat. § 50-13.7(a) (2013). Our Supreme Court has held that "changed circumstances" means those changes that affect the welfare of the

child, and that those changes can either adversely affect the child or benefit the child. *See Pulliam v. Smith*, 348 N.C. 616, 618-19, 501 S.E.2d 898, 899 (1998).

Regarding the motion that must be filed, Rule 7(b) of our Rules of Civil Procedure states that the motion "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

In the present case, Mother alleged that she had been "successful in dealing with a substance abuse problem"; that she had completed an education program and was gainfully employed; that she had a stable home environment; that the parties had informally adjusted visitation by expanding the child's visitation with Mother; and that it would be in the best interests of the child to allow Mother greater visitation. Nevertheless, the trial court concluded that "[Mother's] failure to allege additionally a causal connection between any asserted change in circumstance and the impact, if any, on the welfare of the minor child, is fatal to [Mother's] motion." We disagree. We believe, rather, that the contents of Mother's motion adequately put Father on notice as to the relief Mother was seeking and the grounds she was basing it on. Mother is stating in her motion that she is in a much better place in her life; that she can provide a good environment for the child during visitation; and that her improvement is a beneficial change in circumstances for the child. Therefore, we hold that the trial court erred in dismissing Mother's motion. Accordingly, we reverse the order of the trial court and remand the matter for a hearing on Mother's motion.

III. Conclusion

The trial court's order dismissing Defendant's motion for failure to state a claim upon which relief can be granted is reversed.

REVERSED.

Judges ELMORE and Judge GEER concur.

Report per Rule 30(e).